# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL REDICK,<br><br>        Plaintiff,<br><br>    v.<br><br>ORLANDO BATHING SUIT, LLC, et al.,<br><br>        Defendants. | Case No. 2:21-CV-06578-PA-KK<br><br>**CONSENT DECREE** |

This Consent Decree is entered into as of the Effective Date (defined below) by and between Plaintiff Crystal Redick ("Plaintiff") and Defendant Orlando Bathing Suit, LLC d/b/a Everything But Water ("Defendant"). Plaintiff and Defendant shall hereinafter be referred to collectively as the "Parties" or individually as a "Party"

## RECITALS

1. Title III of the Americans with Disabilities Act (as amended, the "ADA"), 42 U.S.C. §§ 12181-12189, and its implementing regulations, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment

EXHIBIT A

of the goods, services, facilities, privileges, advantages, or accommodations by any private entity that owns, leases, or operates any place of public accommodation. *See* 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2. The Unruh Civil Rights Act, California Civil Code § 51 *et seq*. (the "Unruh Act") provides, among other things, that all persons within the jurisdiction of California are free and equal, and no matter what their disability status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments. A violation of the right of any individual under the ADA is also a violation of § 51 of the Unruh Act. *Id*. § 51(f).

3. Plaintiff filed a Complaint for Injunctive Relief on August 13, 2021, against Defendant in the United States District Court for the Central District of California as captioned above (the "Action"). Plaintiff alleges that Defendant's website, https://www.everythingbutwater.com (the "Website"), is not fully accessible to and usable by individuals with visual disabilities. Plaintiff alleges that Defendant, therefore, has denied full and equal access to the products and services offered on its website and in conjunction with its physical locations in violation of the ADA and the Unruh Act. Plaintiff alleges the Website is a service, privilege, or advantage of Defendant's services, products, and locations, and that Defendant's stores are public accommodations subject to Title III of the ADA and business establishments within the meaning of the Unruh Act.

4. Defendant denies that its Website is a public accommodation or a place

of public accommodation or is otherwise subject to Title III of the ADA or the Unruh Act.  Defendant denies that accessibility barriers existed or currently exist on the Website, and that remediation of the Website is required under the ADA or the Unruh Act.  Defendant specifically denies the allegations in the Action.  By entering into this Consent Decree, Defendant does not admit liability or wrongdoing whatsoever.

5.  Plaintiff and Defendant agree that it is in their best interests to resolve the Action on mutually agreeable terms without further litigation and without admission of any liability.  Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Action.  This Consent Decree and the Parties' separate, contemporaneously executed Settlement Agreement and Release are entered into as a compromise between the Parties to completely and fully resolve and settle all issues between the Parties in the Action.  In resolution of the Action, the Parties hereby agree as follows:

## JURISDICTION

6.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, and 1367(a).  The Parties agree that, for purposes of the Action and this Consent Decree, venue is appropriate for this Court.

## DEFINITIONS

7.  "Effective Date" means the date on which this Consent Decree is entered on the Court's docket following approval by the Court.

8.  "Reasonable Efforts" means, with respect to an obligation under this

Consent Decree, readily achievable by a reasonable person or entity in Defendant's position. Reasonable Efforts shall be interpreted so as not to require Defendant to undertake efforts (a) whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA, but as applied solely to Defendant's Website as though it were a standalone business entity, or (b) that could result in a fundamental alteration in the manner in which Defendant operates its Website, or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website. Any disagreement as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth below in Paragraphs 17 through 23 of this Consent Decree.

**TERM**

9. This Consent Decree shall commence as of the Effective Date and remain in effect for forty-eight (48) months from the Effective Date (the "Term"). During the Term, the Court shall have continuing jurisdiction to interpret and enforce this Consent Decree.

**WEBSITE ACCESSIBILITY EFFORTS**

10. No later than twenty-four (24) months after the Effective Date, Defendant shall use Reasonable Efforts to provide persons with visual disabilities, as defined by the ADA, an equal opportunity to participate in or benefit from the goods, services, privileges, or advantages of the Website by updating the Website, if in

existence, to substantially conform to the Web Content Accessibility Guidelines 2.1 Level AA ("WCAG 2.1 AA") regarding website accessibility by persons with visual disabilities (the "Implementation Date").  For the remainder of the Term following the Implementation Date, Defendant shall maintain the Website to substantially conform to WCAG 2.1 AA regarding website accessibility by persons with visual disabilities.

11.   There shall be no claim, challenge, dispute, or enforcement action raised or pursued as to Defendant's obligations under this Consent Decree before the Implementation Date.  Following the Implementation Date and for the remainder of the Term, any claim, challenge, dispute, or enforcement action raised or pursued as to Defendant's obligations under this Consent Decree shall be subject to the dispute resolution procedures set forth below in Paragraphs 17 through 23 of this Consent Decree.

12.   The obligations set forth in Paragraph 10, above, shall not apply if any of the following events occurs:

a.   The Supreme Court of the United States issues a decision holding that the ADA does not apply to websites, as services of a place of public accomodation. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019).

b.   The Supreme Court of the United States holds, or the United States Department of Justice determines, that (i) conformance with WCAG 2.1 AA

is not required by the ADA, (ii) requiring conformance with that standard is unconstitutional or unlawful, or (iii) that a lesser or different standard governs website accessibility under the ADA. If the Supreme Court of the United States holds, or the United States Department of Justice determines, that a lesser or different standard applies, such standard shall govern this Consent Decree, and Defendant shall use Reasonable Efforts to ensure that the Website substantially conforms to that standard within a reasonable period of time, not to exceed six (6) months, the Implementation Date, or the deadlines established by regulations promulgated by the Department of Justice, whichever is later.

## SPECIFIC RELIEF TO PARTIES

13. Plaintiff and Defendant have agreed to settle all matters relating to litigation costs, damages, attorney fees, expert fees, claims that could have been made in this Action, and other matters of either Party relating to the Action through a separate, contemporaneously executed Settlement Agreement and Release, which shall not be part of this Consent Decree. The Settlement Agreement and Release shall be provided to the Court for in camera review, if the Court so requires.

## PERSONS BOUND AND THIRD-PARTY BENEFICIARIES

14. The signatories to this Consent Decree represent that they have the authority to bind the respective Parties, Plaintiff and Defendant, to this Consent Decree. Further, this Consent Decree shall be binding on Plaintiff, Defendant, and any successors in interest. The Parties have a duty to so notify all such successors in

interest of the existence and terms of this Consent Decree during the Term.

15.  The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons who establish they have a visual disability as defined by the ADA and Unruh Act, enabling those who utilize screen-reader software to access the Website, which persons shall constitute "Third-Party Beneficiaries" (individually, "Third-Party Beneficiary") to this Consent Decree. Such Third-Party Beneficiaries shall follow the dispute resolution provisions herein should they seek to enforce any provision of this Consent Decree.

## DISPUTE RESOLUTION

16.  As a condition precedent of seeking the Court's enforcement of any claimed breach of this Consent Decree, the procedures set forth in Paragraphs 17 through 23, below, must be exhausted. There will be no breach of this Consent Decree by Defendant or right to bring a cause of action against Defendant by Plaintiff or any Third-Party-Beneficiary in any court of competent jurisdiction in connection with such allegations, until the following procedures have been followed.

17.  If Plaintiff or a Third-Party Beneficiary believes that Defendant has not complied in all material respects with any provision of this Consent Decree, Plaintiff or the Third-Party Beneficiary alleging non-compliance shall provide Defendant with written notice of non-compliance ("Notice of Non-Compliance") containing the following information: (a) the specific alleged act of non-compliance, (b) if related to the Website's accessibility, a reference to the specific provisions of the WCAG

2.1 AA applicable, (c) a statement of the remedial action sought by the complaining party, and (d) a reasonably detailed statement of the specific facts, circumstances, and legal authority supporting the position of the complaining party. Any Notice of Non-Compliance shall be made in the manner set forth in Paragraph 23, below.

18. Defendant shall respond to the Notice of Non-Compliance in reasonable detail within thirty (30) days of receipt of the Notice of Non-Compliance, including, if applicable, any claim of inability to substantially comply with this Consent Decree despite Reasonable Efforts in furtherance thereof. Within fifteen (15) days of receipt of Defendant's response to the Notice of Non-Compliance, the complaining party and Defendant will meet by telephone or in person in an attempt to informally resolve the issue raised.

19. If the issue or issues remain unresolved within thirty (30) days of the meeting referenced in Paragraph 18, above, the complaining party that sent the Notice of Non-Compliance and Defendant will each have an additional thirty (30) days to select an expert of their choosing, and the two experts selected will mutually select an independent accessibility expert (with substantial experience applicable to the alleged barrier). The independent accessibility expert will evaluate the specific issue or issues described in the Notice of Non-Compliance, including consideration of Defendant's response to the Notice of Non-Compliance, and any other information supplied by the parties or their experts, and provide the parties a written determination concerning Defendant's compliance or non-compliance. Each Party

or person involved in the process described in this Paragraph 19 shall be responsible for (a) its own expert and attorney costs and fees and (b) half of the reasonable costs and fees of the independent accessibility expert. Any failure to pay the independent accessibility expert in connection with his or her such work within a reasonable period of time constitutes a waiver of such claim.

20. Defendant shall not be in breach of this Consent Decree unless: (a) the independent accessibility expert determines, as a result of the issue described in the Notice of Non-Compliance, that Defendant is able to comply but is nevertheless not in compliance with the Consent Decree; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than sixty (60) days after receiving the independent accessibility expert's determination of non-compliance. If the independent accessibility expert determines that an issue cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that issue.

21. Plaintiff or an intended Third-Party Beneficiary may seek relief from the Court concerning alleged non-compliance with this Consent Decree only if Defendant fails to timely remedy an issue that the independent accessibility expert determines Defendant should remedy. Further, there shall be no finding of breach of this Consent Decree unless the Court determines that the Website is not accessible by a person with a visual disability who has screen-reader competency using a commercially available screen-reader in combination with any commercially

available web browser.

22. Any of the time periods set forth in Paragraphs 17 through 23 may be extended by mutual agreement for a period of up to thirty (30) days.

23. Any notice or communication required or permitted under this Consent Decree shall be given in writing by certified United States first class mail, with a copy simultaneously sent by email, addressed as follows:

    Plaintiff:    Thiago M. Coelho, Esq.
                     WILSHIRE LAW FIRM
                     3055 Wilshire Blvd., 12th Floor
                     Los Angeles, California 90010
                     Email: thiago@wilshirelawfirm.com

    Defendant:    Brian R. Markley
                     SPENCER FANE LLP
                     1000 Walnut Street, Suite 1400
                     Kansas City, MO 64106
                     Email: brian.markley@spencerfane.com

### MODIFICATION

24. Except as expressly provided herein, no modification of this Consent Decree shall be effective unless in writing, signed by authorized representatives of the Parties, and approved by the Court.

### ENFORCEMENT AND OTHER PROVISIONS

25. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of California without reference to its conflicts of laws principles.

26. This Consent Decree contains the entire agreement of Plaintiff and

Defendant concerning the subject matter described herein, and no other statement, promise, or agreement, either written or oral, made by any Party, which is not contained in this Consent Decree shall be enforceable, other than the Settlement Agreement and Release.

27. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law, its original intent and shall not, in any event, affect any other provision of this Consent Decree, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

# CONSENT DECREE HAS BEEN READ

28. This Consent Decree has been carefully read by each Party, and its contents are known and understood by each Party. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel, and did in fact consult with their counsel, prior to executing the Consent Decree.

| CRYSTAL REDICK | ORLANDO BATHING SUIT LLC d/b/a EVERYTHING BUT WATER |
|---|---|
| *[signature]* | *[signature]* |
| Signature | Signature |
| 11/16/2021 | 11-16-2021 |
| Date | Date |

APPROVED AS TO FORM AND CONTENT:

/s/ Thiago M. Coelho
Thiago M. Coelho
WILSHIRE LAW FIRM
SBN 324715
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010
T: (213) 381-9988
thiago@wilshirelawfirm.com

*Attorney for Plaintiff Crystal Redick*

/s/ Jonathon Watson
Jonathon Watson
SPENCER FANE LLP
SBN
1700 Lincoln Street, Suite 2000
Denver, CO 80203
T: (303) 839-3734
jmwatson@spencerfane.com

*Attorneys for Defendant Orlando Bathing Suit, LLC d/b/a Everything But Water*

EXHIBIT A

## COURT APPROVAL AND ENTRY OF THE CONSENT DECREE

The Court, having considered the pleadings, law, and underlying facts and having reviewed the proposed Consent Decree, finds as follows:

1) This Court has subject matter jurisdiction over this matter for the purposes of this lawsuit pursuant to 28 U.S.C. § 1331 and § 1367(a);

2) The provisions of this Consent Decree shall be binding upon the Parties and Third-Party Beneficiaries;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint for Injunctive Relief or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged, by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint for Injunctive Relief. Res judicata and collateral estoppel shall apply to each and every such claim, matter, and issue so that the Plaintiff is barred from again litigating such claims, matters, and issues.

NOW THEREFORE, the Court APPROVES the Consent Decree and, in doing so, specifically adopts it and makes it an Order of the Court.

///

IT IS SO ORDERED

Dated February 21, 2022

_____
United States District Judge